RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Tel: (510) 763-9967
Fax: (510) 380-6551
rsp@rspollocklaw.com

Attorney for Defendant
KENNETH W. MATTSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR. 25-00126-JST [AGT] |
| Plaintiff, | |
| vs. | **STATUS MEMORANDUM RE. CONTINUED DETENTION HEARING** |
| KENNETH W. MATTSON | _____ |
| Defendant. | Hearing Date: June 11, 2025<br>Hearing Time: 10 a.m. |

Defendant Kenneth Mattson, by and through his counsel of record Randy Sue Pollock and William Frentzen, specially appearing, hereby submit the following memorandum in advance of the continued detention hearing on Wednesday, June 11, 2025.

On May 28th, this Court released Mr. Mattson over the government's objections and set conditions of release as follows:

A $4,000,000.00 bond secured by two pieces of property; to wit, Mr. & Mrs. William McCarthy's property in Reno, Nevada and Mrs. Stacy Mattson's home in Piedmont, CA. Additionally, McCarthy's and a friend were ordered to post $100,000.00 each with the Clerk of the Court. Mr. Mattson is currently on electronic monitoring and is supervised by Brad Wilson from the Office of Pretrial Services.

**A. Deletion of Files From Laptop**

The government's request for detention as well as the government's argument for the necessity of posting two homes to secure the bond was based on its contention that Mr. Mattson had deleted files on a laptop seized by agents on May 24, 2024.[1] Defense counsel explained that Mr. Mattson never deleted any files from his laptop and the government has zero evidence to link him to any deletion or alteration of files on his laptop. Despite the defense argument on this important issue---which is the basis for a criminal charge against Mr. Mattson---this Court concluded that while conditions of release could be set, a bond of $4 million with two secured properties was warranted in light of concern over the alleged deletions.

Now, two weeks since the detention hearing, the government has produced some discovery but it is entirely devoid of evidence that Mr. Mattson deleted anything from the laptop. Counsel for Mr. Mattson cannot find any evidence provided by the government tending to prove that Mr. Mattson deleted or altered any evidence. Surprisingly, despite the allegations of obstruction of justice, the government claims it was not prepared to immediately provide defense counsel with the crucial piece of evidence for analysis---the image of the laptop. Counsel requested an image of the seized laptop on June 1st. An external drive was provided to the government the next day. The government counsel replied on June 3rd that:

> "The image of the laptop is likely to take longer than the discovery [production], because there is a multiday process that the RCFL has to go through

---
[1] The money found in Mr. Mattson's car when he was arrested was from his collection of rents on rental properties. Counsel has provided the government with copies of rental agreements that correspond to the notations on the envelopes that contained the cash.

1       and I understand there is a queue as well."

2     This has deeply hindered the defendant's ability to counter the government's only basis
3 for a substantial bond and other conditions of release. An examination of the seized laptop is
4 crucial to defending Mr. Mattson as to the obstruction allegation. The accusation of
5 "Destruction of Evidence" bears not just on preparing Mr. Mattson's defense to the criminal
6 charge but it also impacts his bail conditions and importantly, his status in Bankruptcy Court.
7 This very court ordered a detention hearing based on that accusation and nothing else. While
8 the government's evidence on this claim could not be thinner, they are now playing games
9 about waiting for the RCFL "queue" to be able to address it. Clearly, the government knew
10 this obstruction allegation would be essential to confront immediately but has totally failed to
11 allow the defense the evidence needed to confront it.

12     The government's contention in court that Mr. Mattson deleted documents from the
13 recycle bin was inaccurate. The RCFL report says there is a recycle date of May 22, 2024, at
14 2:01:56 p.m but that corresponds to a folder on the **E drive** (an external drive). There were
15 apparently files moved to the recycling bin from this laptop, how they were deleted, and why
16 they were deleted has been completely unanswered by the government. If documents are on
17 an external device and then deleted the folders go to the recycle bin of the computer. They
18 are not recoverable once the external is removed from the laptop. The government has failed
19 to explain what evidence they have that it was Mr. Mattson who deleted anything from this
20 laptop.

21     During the detention hearing, defense counsel pointed out that the RCFL report
22 provided by the government, attached hereto as **Exhibit A,** p. 4 (attached as an *Under Seal*
23 Filing) showed that the files were shown as deleted in the recycling bin. This is consistent
24 with the sworn affidavit by FBI Special Agent Rachael Grace, attached hereto as **Exhibit B,**
25 p. 10, ¶39 (attached as an *Under Seal* filing) which describes the deleted files as appearing in
26 the recycling bin. But in its argument to this Court on May 28, 2025, government counsel
27 tried to convince the Court that the recycling bin had also been cleared, portion of transcript
28

attached as **Exhibit C,** pg. 16[2]. This inconsistency continues to show that the government has no cohesive theory as to how or why anything was deleted from the laptop, and it certainly has no proof that it was done by Mr. Mattson.

The defense gave the government another chance after reviewing the discovery provided to date by asking directly what the evidence of deletion by Mr. Mattson was. The government refused to respond. Certainly, the government should not be allowed to continue to demand that the Court require stringent conditions of release while refusing to provide relevant discovery and also refuse to even attempt to explain a theory of proof to show that Mr. Mattson made deletions from the laptop. The government's failure to proffer and provide any real evidence should be held against it. If they had evidence, they would produce it or, at a minimum, describe it for the Court.

### B. A Continuance of This Hearing Is Warranted

Counsel submits that before additional conditions of this bond are posted[3], the Government must provide the defense with an imaged external of the seized laptop. The government is very capable of getting RCFL to bump this up in the "queue" now that they have arrested Mr. Mattson and made this the linchpin of its request to detain him. Without an analysis of that laptop our ability to defend Mr. Mattson and to accurately gauge proper release conditions is severely impacted and this Court is without sufficient information to set adequate conditions of release. Counsel respectfully requests that the following actions be taken:

1. Order the Government to expedite the imaging of the seized laptop by June 16, 2025, or explain why it cannot.
2. Continue the posting of additional properties and monies until a defense analysis of the seized laptop is performed two weeks after the image is produced.

///

///

---

[3] Only the Reno property has been posted.

The government cannot be permitted to request enormous financial bonds when they cannot point to evidence that Mr. Mattson is responsible for deletions on the laptop and cannot even produce the evidence allegedly relied upon.

Date: June 9, 2025                    Respectfully submitted,

/s/_____
RANDY SUE POLLOCK
WILLIAM FRENTZEN
Counsel for Defendant Kenneth