CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 4:25-CR-00126 JST |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTIONS FOR ISSUANCE OF RULE 17(C) SUBPOENAS |
| v. | |
| KENNETH W. MATTSON, | |
| Defendant. | |

    Defendant Kenneth Mattson has filed various motions for the issuance of Rule 17(c) subpoenas directed to third parties. *See, e.g.,* ECF Nos. 59 (Scott Smith), 60 (Official Committee of Unsecured Creditors of LeFever Mattson), 61 (Timothy LeFever), and 63 ("LeFever Mattson, LP"). The motions are styled as being filed "ex parte," but the United States opposes their issuance. The government requests that the Court deny their issuance on the papers or hear oral argument about their propriety at the currently scheduled oral argument hearing on July 31, 2025.

    The motions are a procedurally improper attempt to shoehorn civil discovery requests in a criminal case and bypass the criminal discovery rules. The Court should deny the requests to issue these

1  subpoenas as they are fatally flawed for at least four independent reasons.

2  *First*, and dispositively, each of the motions seeks a *trial subpoena* for information to assist in preparing for a non-evidentiary hearing in a matter where a trial date has not yet been set. The July 31, 2025 is set for a "Motion Hearing" arising from the defendant's Motion to Modify Pre-Trial Asset Restraint. ECF No. 44. It is an oral argument, not an evidentiary hearing. As noted in the government's written response, the defendant has not and cannot meet his burden to have an evidentiary hearing. ECF No. 51. The issuance of trial subpoenas for an oral argument on a motion hearing in the hope that it may eventually lead to an evidentiary hearing at some point is premature and is an abuse of the trial subpoena procedure set forth in Rule 17 of the Federal Rules of Criminal Procedure. *Accord United States v. Johnson*, No. CR 94-0048 SBA, 2008 WL 62281 at *3 (N.D. Cal. Jan. 4, 2008) (denying Rule 17(c) subpoena in part because "[t]here is no evidentiary hearing scheduled").

*Second*, contrary to the motions' claim that they are seeking materials that are "relevant, admissible, and specifically identified," the actual subpoenas for which they seek authorization ask for exactly the opposite—including a request for **all communications** that the subpoenaed individuals or entities have had with the United States concerning the defendant from July 1, 2023 to the present. This is a transparent attempt to use Rule 17(c) for a criminal discovery fishing expedition, which is not permitted under the law.

"[A] Rule 17(c) subpoena is not intended to serve as a discovery tool or to allow a blind fishing expedition seeking unknown evidence." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981). *See also United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (party seeking Rule 17 subpoena must show, among other things, that documents sought are "evidentiary" and that application is not "fishing expedition"); *United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006) (Breyer, J.) ("Rule 17(c) is not as broad as its plain language suggests, however, and it is more narrow in scope than the corollary rules of civil procedure, which permit broad discovery"). In other words, a defendant cannot use a Rule 17 subpoena to expand the scope of Rule 16, which governs federal criminal discovery. *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006).

To require production of information before trial, the proponent of the subpoena must make a showing of "relevancy, admissibility, and specify." *United States v. Reed*, 726 F2d 570, 577 (9th Cir.

1984). "The requirement of 'specificity' under Rule 17 is not satisfied if the defendant does not know what the evidence consists of or what it will show." *United States v Johnson*, No. CR 94-0048 SBA, 2008 WL 62281 at *2 (N.D. Cal. Jan. 4, 2008) (citing *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)).  Importantly, "in meeting the specificity requirement, the movant must request specific documents and not entire categories of files." *United States v. Rucks*, No. 2:20-cr-001-KJM, 2022 EL 3141880, at *2 (E.D. Cal. Aug. 5, 2022).  The defendant's subpoenas, which seek "*all* financial analyses" and "*all* communications," do not seek specific documents, but impermissibly seek entire categories of files.  That is not allowed under the criminal rules.  *Accord Reyes*, 239 F.R.D. at 606 ("A demand for any and all documents related to several categories of subject matter . . . rather than specific evidentiary items, suggests the subpoena's proponent seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose—to secure the production for a court proceeding of specific admissible evidence").  *See also Reed*, 726 F.2d at 577 (no showing of specificity where defendant sought entire investigation files instead of specific documents).

And "[a] defendant's 'mere hope' that the documents will produce favorable evidence will not support the issuance of a subpoena." *Johnson*, 2008 WL 62281 at *2 (quoting *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996)).  Finally, aside from a generalized statement that "the requested documents are relevant and not otherwise admissible," the defendant has not made any showing that the information sought is admissible under the Rules of Evidence.

Nor may the defendant use Rule 17 subpoenas as an end-run around circumscribed criminal discovery tools.  The request for "all communications" from the various witnesses appears to be an attempt to obtain *Jencks*, 18 U.S.C. § 3500 and Rule 26.2 material well before the defendant is entitled to it.  That is flatly prohibited.  *United States v. Etienne*, No. CR 17-00093 WHA, 2018 WL 6305614, at *3 (N.D. Cal. Dec. 2, 2018) ("As the parties recognize, a Rule 17(c) subpoena may not be used to obtain Jencks Act statements"); Fed. R. Crim. P. 17(h) ("Information Not Subject to a Subpoena.  No party may subpoena a statement of a witness or of a prospective witness under this rule.  Rule 26.2 governs the production of the statement.").

Perhaps the defendant is still trying to digest the discovery already produced in the case.[1]  It remains unclear how this material is <u>relevant</u> to the defendant's burden at the upcoming hearing.  What is clear, however, is that their efforts to use Rule 17 subpoenas to seek the equivalent of overbroad civil discovery is improper.   To the extent that counsel has some speculative belief that some additional documents exist, that belief is not enough. *See generally Rucks*, 2022 WL 3141880, at *4 (rejecting defendant's request for Rule 17 subpoena where defendant had "general belief" that probable cause declarations contained false statements).

*Third*, the requested information is not relevant to the defendant's motion regarding pretrial restraints (ECF No. 44).  In addition to "all communications," the defendant's proposed subpoenas ask various entities for "all documents You provided to the United States containing . . . any financial analyses."[2]  But the defendant fails to show how those financial analyses, if they exist, would at all be relevant to the oral argument on his motion.  The defendant does not engage with the burdens that he must meet to get an evidentiary hearing—a detailed showing that (1) the subject properties are the only way for him to fund counsel of his choice; and (2) there is "some substantial evidence" that they are not subject to forfeiture. *See, e.g.* Gov't Opp., ECF No. 51, at ECF pages 16-21.  The defendant's claim that "the government must establish . . . the traceability of the Forfeiture Properties" is wrong and turns the law on its head.  As the government's response laid out in great detail, the *defendant* bears the burden of showing that he is entitled to an evidentiary hearing.  To the extent that the defendant wants to "rebut" the government's financial analyses, he will have the opportunity to do that—at trial.

*Fourth*, even if the Court were to find that there was some basis to allow issuance of the subpoenas, they are wildly overbroad, further illustrating the attempted fishing expedition and circumvention of the relevant criminal discovery rules.  The defendant's June 25 motion is about two

---

[1] For example, the government produced materials prepared by the Creditors Committee that relate to alleged fraud committed by the defendant on KS Mattson Partners investors. *See* DOJ-00584500-DOJ-00585917 (clearly identified on discovery index as 4/30 Presentation by LFM Creditor Committee).  The government produced a spreadsheet provided by counsel for LeFever Mattson showing the existence of nearly two hundred "off-books" Divi Divi investors who contributed over $42,000,000 to Mattson based on records available to the company. *See*, e.g., SEC-USAO-EPROD-000591914 and SEC-LEFEVER-E-0000009.

[2] Although the subpoena attachment provides a lengthy set of definitions, it fails to define what the defendant means by "financial analyses."

specific properties—62 Farragut Avenue and 1834-1836 Ocean Front.[3]  But his subpoenas are not limited to those properties.  Instead, they ask for "<u>all communications</u>" the subpoenaed entities had with the United States concerning the defendant and "all documents provided to the United States" that contained "any financial analyses."  The subpoenas as drafted are fatally overbroad.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's ex parte applications for Rule 17(c) Subpoenas on the papers or delay their issuance pending oral argument on their propriety at the currently scheduled July 31, 2025 hearing.

DATED:  July 18, 2025                                  Respectfully submitted,

                                                       CRAIG H. MISSAKIAN
                                                       United States Attorney

                                                       _____/s/_____
                                                       CHRISTOFFER LEE
                                                       NIKHIL BHAGAT
                                                       Assistant United States Attorneys

---

[3] As described in the government's response, ECF No. 51 at ECF pages 9-10, even if the defendant could meet his burden as to these properties, they are partially or wholly owned by an entity over which he has no control, and so even if they were free of any government notices, he could not alienate them.