1

2

3

4        UNITED STATES DISTRICT COURT

5        NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                 Case No. 25-cr-00126-JST-1

         Plaintiff,
8
                                               **ORDER DENYING MOTION TO**
9        v.                                    **MODIFY PRETRIAL ASSET**
                                               **RESTRAINT**
10   KENNETH W. MATTSON,
                                               Re: ECF No. 44
         Defendant.
11

12

13        Defendant Kenneth W. Mattson asks the Court to order the United States to withdraw the

14   notices of lis pendens recorded against properties at 62 Farragut Avenue, Piedmont, California,

15   and 1834–1836 Ocean Front, Del Mar, California, and to remove the requirement that he be

16   required to post as security for bail a property located at 210 La Salle Avenue, Piedmont,

17   California.  ECF No. 44.  He contends that these all constitute pretrial restraints on his assets that

18   violate his Sixth Amendment right to counsel and asks the Court to order removal of the restraints

19   or, in the alternative, conduct a hearing to determine "whether probable cause exists to believe that

20   the assets in dispute are traceable or otherwise sufficiently related to the crime[s] charged in the

21   indictment."  *Kaley v. United States*, 571 U.S. 320, 324 (2014).  The Court will deny the motion.

22        The properties at issue fall into two categories.  First, the indictment alleges forfeiture of

23   62 Farragut and 1834–1836 Ocean Front, as well as another property not at issue in this motion,

24   1716 Ocean Front, Del Mar, California, as property "derived from proceeds the defendant

25   obtained directly and indirectly, as the result of [the alleged] violations."  ECF No. 1 at 19.

26   Second, the indictment does not allege forfeiture of 210 La Salle.  Instead, that property was

27   ordered by the magistrate judge to be provided as security for Mattson's pretrial release.  ECF

28   No. 37.

United States District Court
Northern District of California

1    In *Luis v. United States*, a plurality of the United States Supreme Court held that "the

2    pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the

3    Sixth Amendment." 578 U.S. 5, 10 (2016). Untainted assets are those "not connected with the

4    crime." *Id.* After *Luis*, in a case not raised by the parties here, the Ninth Circuit held that the

5    "dispositive" question is "not whether the assets [are] tainted, but instead whether the government

6    [has] a substantial property interest in the assets." *United States v. Lillard*, 57 F.4th 729, 734 (9th

7    Cir. 2023). Thus, where "the government had a substantial property interest in [a defendant's]

8    untainted assets [by virtue of a prior restitution order] and seized them for the purpose of

9    restitution, the seizure did not violate the Sixth Amendment, despite its impact on [the

10   defendant's] ability to pay for counsel of his choice." *Id.* at 735.

11   A court must hold an evidentiary hearing to determine whether to release assets if "the

12   moving papers filed, including affidavits, are sufficiently definite, specific, detailed, and

13   nonconjectural, to enable the court to conclude that a substantial claim is presented. If the

14   allegations are sufficient, and factual issues are raised, a hearing is required." *United States v.*

15   *Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993) (citation modified).

16   The parties disagree over what must be shown for a "substantial claim" to be presented.

17   The Ninth Circuit has not decided the question. However, as Mattson does not dispute, all courts

18   to have considered the question have required the defendant to "demonstrate that he or she does

19   not have sufficient alternative assets to find counsel of choice. This requires more than a mere

20   recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient

21   alternative, unrestrained assets to fund counsel of choice."[1] *United States v. Bonventre*, 720 F.3d

22   126, 131 (2d Cir. 2013); *see also, e.g.*, *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998)

23   (requiring defendant to "demonstrate to the court's satisfaction that she has no assets, other than

24   those restrained, with which to retain private counsel and provide for herself and her family");

25   *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001) (requiring defendant to make "a

26

27   [1] In an unpublished opinion that is not binding precedent under Ninth Circuit Rule 36-3(a), the
     Ninth Circuit agreed that, "[e]ven assuming there were untainted funds" in a restrained asset, the
28   defendant must "clearly demonstrate that those funds were needed to pay for counsel of choice."
     *United States v. Lindell*, 766 F. App'x 525, 528 (9th Cir. 2019).

2

1   threshold showing of need to use wrongly seized assets to pay his attorneys"); *United States v.*

2   *Kirschenbaum*, 156 F.3d 784, 792 (7th Cir. 1998) (requiring defendant to show "a bona fide need

3   to use some of the restrained assets to obtain counsel"); *United States v. Omidi*, No. CR 17-

4   661(A)-DMG, 2021 WL 7629897, at *4 (C.D. Cal. June 15, 2021) (requiring defendant to

5   "provide[] sufficient evidence that his Sixth Amendment rights are implicated, i.e., that his or her

6   seized assets are needed to pay for counsel"); *United States v. Swenson*, No. 1:13-CR-00091-

7   BLW, 2013 WL 3322632, at *8 (D. Idaho July 1, 2013) (requiring defendant to "make a sufficient

8   evidentiary showing that there are no adequate alternative, unrestrained assets to fund counsel of

9   choice").

10   There is a circuit split as to whether the defendant must also make "a prima facie showing

11   that the grand jury erred in determining the assets are traceable to the underlying offense." *Jones*,

12   160 F.3d at 649 (requiring such a showing); *Bonventre*, 720 F.3d at 131 (holding that the

13   defendant is not required to "make a formal *prima facie* showing that the funds were illegitimately

14   restrained"). However, the Court need not decide whether to adopt this second requirement

15   because, as discussed below, Mattson has not made the required showing on the first element: that

16   he lacks sufficient unrestrained assets to retain his counsel of choice.

17   The only evidence Mattson presents on this question is his declaration, which states: "At

18   present, I have access only to assets of a nominal value to pay for counsel. These assets are

19   insufficient to pay my chosen counsel through trial. I am unable to retain the counsel of my

20   choice with the assets currently available to me." ECF No. 44-1 ¶ 8. He also states, "I can only

21   afford to hire counsel if I am able to sell one or more of the properties that I own or control or that

22   my wife owns or controls." *Id.* ¶ 9. However, his declaration is silent as to whether he or his wife

23   own or control any properties other than those that have been restricted, and he has presented no

24   other information regarding his or his wife's assets. Nor has Mattson submitted "definite, specific,

25   detailed, and nonconjectural" evidence regarding the anticipated cost of his defense. *Unimex*, 991

26   F.2d at 551.

27   Mattson cites no authority finding that the sort of conclusory statements he has presented

28   are sufficient to meet his burden, and courts have held to the contrary. For example, the Seventh

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Circuit has found insufficient a defendant's submission of "a bare-bones affidavit asserting that he

2    personally lacked sufficient funds to obtain counsel of his choice," without presenting any

3    evidence regarding funds available to him to fund his defense, "be they his own funds or funds

4    that his wife or some other relative was willing to provide him." *Kirschenbaum*, 156 F.3d at 792

5    (further noting that the defendant failed to present evidence regarding whether the defendant's

6    wife "had assets of her own or assets that were [the defendant's] but had been put in her name that

7    could pay for [the] defense").  Similarly, the Second Circuit found lacking a defendant's

8    declarations listing certain assets and monthly income—more than Mattson has presented here—

9    but "did not disclose [the defendant's] net worth, provide a comprehensive list of his assets, or

10   explain how he has been paying his . . . living expenses." *Bonventre*, 720 F.3d at 132–33.  District

11   courts within the Ninth Circuit are in accord.  *E.g.*, *United States v. Cobb*, No. 2:14-CR-00194-

12   APG-NJ, 2015 WL 518548, at *5 (D. Nev. Feb. 9, 2015) (finding "bare statements in [the

13   defendants'] papers" to be insufficient "evidence showing they do not have access to unrestrained

14   funds"); *United States v. Lacey*, No. CR-18-00422-001-PHX-DJH, 2021 WL 5882638, at *9 (D.

15   Ariz. Dec. 10, 2021) (denying motion for a hearing that did "not attach any declarations from

16   Defendants explaining how much they need to pay counsel or prepare for trial, what their trial

17   budget might be, what expenses they intend to pay from any released funds, what would become

18   of any unspent or excess funds not ultimately paid to counsel, or even swearing that they will

19   actually use any funds released to pay counsel" (citation modified)); *Omidi*, 2021 WL 7629897, at

20   *5 (in a case where the defendant had access to $10 million, finding evidence insufficient where

21   "[t]here has been no accounting of, or clear statement regarding, what funds out of the $10 million

22   have already been spent, or any detailed information, such as a declaration from [the defendant],

23   providing specific information regarding his lack of funds or lack of access to other funds").

24        The Court denies Mattson's motion because he has not presented the required

25   "'sufficiently definite, specific, detailed and nonconjectural' averments of [his] inability to pay the

26   counsel of [his] choosing." *Lacey*, 2021 WL 5882638, at *9 (quoting *Unimex*, 991 F.2d at 551).

27   In his reply, Mattson's counsel offered to provide "an estimate of defense costs or specific details

28   about assets available to Mr. Mattson to fund his defense . . . ex parte and under seal to protect

4

1    Mr. Mattson's Fifth Amendment and attorney-client privileges." ECF No. 65 at 9.  The Court

2    rejects that offer.  *See id.* ("reject[ing] Defendants' request to review [declarations by counsel

3    regarding unpaid legal fees and estimated costs] *in camera*").  Denial is without prejudice to

4    Mattson renewing his motion for a hearing if he "can make a *prima facie* showing that [his] net

5    financial resources and income are insufficient to pay for counsel.  To the extent [he] seek[s] to

6    file any evidence supporting such an assertion under seal, [he] must clearly articulate the basis for

7    doing so." *Id.*

8         In addition, "to enable the court to conclude that a substantial claim is presented," *Unimex*,

9    991 F.2d at 551, any renewed motion should address the title issues raised by the government.

10   The government presents evidence that KS Mattson Partners LP ("KSMP") holds title to

11   1834–1836 Ocean Front and to a portion of 62 Farragut.  ECF No. 51 at 10.  Mattson contends

12   that these arguments "point to logistical challenges with disposing of real property, not to any

13   legal shortcomings with Mr. Mattson's Sixth Amendment challenge," ECF No. 65 at 8, but the

14   Court is not persuaded.  Mattson's declaration acknowledges that he is "not able to dispose or

15   otherwise control assets held by [KSMP] because KSMP is currently in bankruptcy proceedings."

16   ECF No. 44-1 ¶ 5.  Thus, if these assets are, indeed, held by KSMP, any restraints on them could

17   not give rise to a Sixth Amendment violation because, even absent any restraints, Mattson could

18   not sell them to pay for his defense.

19        If Mattson seeks to file a renewed motion, the Court encourages the parties to meet and

20   confer to avoid potentially unnecessary motion practice.  For example, Mattson might discuss with

21   the government what evidence the government would find sufficient to meet his burden to

22   demonstrate inability to pay the counsel of his choosing, and whether any or all such evidence

23   may be shielded from the government due to the attorney-client privilege or Mattson's invocation

24   of his Fifth Amendment rights.  Similarly, the government might discuss with Mattson how it

25   would, as it asserts it could do at an evidentiary hearing, "show that proceeds of the scheme were

26   used to make payments on mortgages at 62 Farragut and 1834–1836 Ocean Front." ECF No. 51 at

27   21; *see also* ECF No. 65 at 13 (Mattson's reply brief, noting that "the government has repeatedly

28   failed to provide its tracing analysis").

United States District Court
Northern District of California

1        Finally, the Court notes that as to 210 La Salle, the parties have had some discussions

2    about substituting a different security to satisfy the conditions of Mattson's pretrial release.  ECF

3    No. 65-1 ¶¶ 10–11.  The government also suggests, without asking for any modification of

4    Mattson's pretrial release conditions, that "[t]he revelation that 210 La Salle appears to be co-

5    owned by a third party—a fact known to the defendant but never disclosed to the Magistrate

6    Judge—may bear upon the Court's analysis of whether conditions exist that can reasonably assure

7    the defendant's appearance at future court proceedings."  ECF No. 51 at 22–23.  Any requests for

8    modification to the conditions of pretrial release shall be brought to the magistrate judge in the

9    first instance.  Additionally, if Mattson files a renewed motion regarding 210 La Salle, he should

10   present argument on how a defendant's Sixth Amendment rights intersect with a court's obligation

11   to determine suitable conditions to allow a defendant to be released pending trial.

12           **IT IS SO ORDERED.**

13   Dated:  July 29, 2025

14                                                         _____
                                                              JON S. TIGAR
15                                                         United States District Judge

United States District Court
Northern District of California