UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | Case No. 25-cr-00126-JST-1<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR ISSUANCE OF RULE 17(C) SUBPOENAS**<br><br>Re: ECF Nos. 59, 60, 61, 63 |

Defendant Kenneth W. Mattson asks the Court to issue orders granting issuance of Rule 17(c) subpoenas to Scott Smith; the Official Committee of Unsecured Creditors of LeFever Mattson; Timothy J. LeFever; and LeFever Mattson, LP. ECF Nos. 59, 60, 61, 63. The Court will deny the motions.

Rule 17(c) provides for issuance of subpoenas that "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). The rule "requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). But it is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). To obtain a Rule 17(c) subpoena:

> the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id.* at 699–700 (footnote omitted).  Although this language refers to "trial," "many courts—including this one—have held that Rule 17(c) subpoenas may properly issue in connection with hearings, such as pre-trial motions to suppress." *United States v. Taylor*, No. 14-cr-00117-JST-1, 2014 WL 5786535, at *2 (N.D. Cal. Nov. 5, 2014).

Mattson's motions are denied for the following reasons:  First, the Court has denied Mattson's motion to modify pretrial asset restraint, and the hearing for which Mattson requests the subpoenas therefore no longer exists.  Nor was the information requested by the proposed subpoenas necessary to resolve that motion.  The Court denied the motion to modify because Mattson failed to make a threshold showing that he lacks the ability to pay counsel of his choosing.  The proposed subpoenas do not request evidence relevant to that issue.

Moreover, even if the requested information were relevant, the proposed subpoenas are overbroad.  They request:

> 1. All communications between You and the United States concerning Kenneth Mattson from July 1, 2023 to the present.
>
> 2. All Documents You provided to the United States, from July 1, 2023 to the present, containing any financial analyses regarding LeFever Mattson's operations including, but not limited to, Documents prepared for the express purpose of disclosure to the United States.

ECF No. 59-2 at 5; ECF No. 60-2 at 5; ECF 61-2 at 5; ECF 63-2 at 5.  The requests are not limited to the properties at issue in Mattson's motion to modify and instead appear to be the sort of "blind fishing expedition seeking unknown evidence" that is beyond the scope of Rule 17(c).  *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981).  To "meet[] the specificity requirement, the movant must request specific documents and not entire categories of files."  *United States v. Rucks*, No. 2:20-CR-001-KJM, 2022 WL 3141880, at *2 (E.D. Cal. Aug. 5, 2022).  Mattson has not complied with that requirement.

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
JON S. TIGAR
United States District Judge

2