CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CHRISTOFFER LEE (CABN 280360)
NIKHIL BHAGAT (CABN 279892)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    christoffer.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH W. MATTSON, <br><br> Defendant. | Case No. CR-25-00126 JST <br><br> JOINT STATUS REPORT RE AUGUST 22, 2025 STATUS CONFERENCE |

    On June 20, 2025, the parties appeared before the Court for the initial status conference in the above-captioned case. The Court directed the parties to file a joint status report in advance of the next scheduled status conference on August 22, 2025. The parties therefore submit this report.

**I.    Status of Discovery**

    The government has produced voluminous discovery in this case. Prior to June 20, 2025, the government produced approximately 700 gigabytes of discovery consisting of documents seized from the defendant's residence on May 24, 2024; search warrant applications and other legal process; forensic

images of the defendant's laptop computer and cell phone seized on the same date; and extensive documentary evidence including financial records and other pre-existing business records obtained from third parties.  Since the June 20, 2025 status conference, the government has made three productions of discovery:

- Sixth Production on June 20, 2025 consisting of a memorandum of interview and documents provided by a third party;
- Seventh Production on July 11, 2025 consisting of third party records, witness interviews, case file materials including property and financial records relating to forfeiture;
- Eighth Production on August 7, 2025 consisting of documents and notes maintained by third parties.

The government continues to actively investigate the case, including interviews with additional victims, which will likely generate more Rule 16 material.  The government anticipates further productions of discovery.

Additionally, the parties modified the protective order in the case on July 17, 2025 to clarify that the protective order in this criminal case does not "preclude Defense counsel from providing unredacted copies of materials, including Protected Information, related to, involving, or that had otherwise previously been in the possession of KS Mattson Partners LP (KSMP) as produced in discovery by the United States in CR-25- 00126 JST to KSMP "Responsible Individual" Robbin Itkin and her counsel in N.D. Cal. Bankruptcy Case No. 24-10715 (CN)."  ECF No. 57.

## II.     Procedural Posture

The parties have engaged in motion practice with respect to two motions seeking modification of pretrial asset restraints.  The defendant remains out-of-custody on pretrial release based on conditions imposed by Magistrate Judge Tse on June 11, 2025.  ECF Nos. 37 and 38.

## III.    Issues Potentially Requiring Court Intervention

### A.     Defense Production of Hard Drive in Fennemore Law Firm Custody

The government has charged the defendant with violating 18 U.S.C. § 1519—Destruction, Alteration, or Falsification of Records in Federal Investigation arising from a May 22, 2024 deletion of

electronic files on the defendant's laptop.  At the defendant's initial appearance on May 23, 2025, defense counsel represented to the Magistrate Judge that the defendant's civil attorneys at the Fennemore law firm made a forensic image of the defendant's computer hard drive on May 22, 2024.  The government has since learned from counsel for the Fennemore law firm that Fennemore never imaged Mr. Mattson's laptop, but the firm did copy some files from his laptop onto a hard drive, and the firm has preserved the files.  The government has requested no fewer than six times that criminal counsel permit the government to inspect and copy these materials but has not been afforded that opportunity.  The defense refuses to turn over these materials under the attorney-client privilege.  The government may need to seek relief from this Court to obtain these materials.[1]

## IV.     Further Status

Following the Court order on August 12, 2025, the defense intends to file a motion in bankruptcy court seeking relief from the Preservation Order.  Depending on Judge Novak's ruling, the motion may be refiled before this Court.  The parties request that the Court set a further status conference on November 14, 2025.  The parties agree that time is properly excluded under the Speedy Trial Act and will prepare a stipulation and proposed order to that effect.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

Dated: August 21, 2025

\_\_/s/_____
**CHRISTOFFER LEE**
**NIKHIL BHAGAT**
Assistant United States Attorneys

\_\_/s/_____
**RANDY SUE POLLOCK**
Counsel for Defendant
Kenneth W. Mattson

---

[1] The government notes that the defendant was subject to subpoenas for these materials issued by the Securities and Exchange Commission but, to the government's knowledge, no counsel for the defendant ever produced these materials to the SEC notwithstanding the apparent existence of this hard drive in the possession of the Fennemore firm.