RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Telephone: 510-763-9967
Facsimile: 510-380-6551
rsp@rspollocklaw.com

Attorney for Defendant
KENNETH W. MATTSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 25-cr-00126-JST-1 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **DEFENDANT KENNETH W.** |
|  | ) **MATTSON'S NOTICE OF MOTION AND** |
|  | ) **MOTION TO QUASH GRAND JURY** |
|  | ) **SUBPOENA; MEMORANDUM OF** |
| KENNETH W. MATTSON. | ) **POINTS AND AUTHORITIES** |
|  | ) |
| Defendant | ) |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 12, 2025, at 9:30 a.m. or at another time convenient for the Court, Defendant Kenneth W. Mattson will, and hereby does, move the Court, pursuant to Federal Rules of Criminal Procedure 17(c)(2), for an order quashing the grand jury subpoena issued to Fennemore Wendel/Fennemore Craig, P.C. (the "Subpoena") on the ground that the government abused the grand jury process by requesting the Subpoena solely or primarily to gather evidence for pending litigation and to prepare for trial. Mr. Mattson also objects to the timing of the Subpoena. Mr. Mattson's motion to quash the grand jury subpoena is based upon this Notice, the accompanying Memorandum of Points and Authorities, all other supporting

1

*NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES*
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

papers and documents on file with the Court, the record in this action, and such oral and documentary evidence as may be presented at or prior to the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

It is well-settled law that after a grand jury returns an indictment, it cannot be used as an unfettered instrument of the government to conduct pre-trial discovery or to bolster its evidence in a pending case. While the government may use the powers of the grand jury to continue investigating other potential defendants or new, additional charges against the existing defendant, it may not use the grand jury to take another bite at the evidentiary apple with respect to the charges already pending.

Mr. Mattson requests that the Court quash the Subpoena to prevent just that. The Court should not allow the government in this case to abuse the grand jury process looking for evidence it had plenty of time to gather before the grand jury returned its indictment.

### II. BACKGROUND

On May 13, 2025, a grand jury indictment (the "Indictment") was returned against Mr. Mattson charging him with seven counts of wire fraud, one count of money laundering, and one count of obstruction of justice. Dkt. 1. Count Nine, the obstruction count, alleges that on May 22, 2024, Mr. Mattson deleted files from his laptop when he was at or near 1111 Broadway in Oakland. That address is where his counsel Fennemore Craig LLP ("Fennemore") are located. More than two weeks after the filing of the Indictment on May 29, 2025, the government sent a letter to Fennemore. **Exhibit A**. In this letter, the government requested that Fennemore preserve:

> (1) any billing records related to Fennemore's representation of Mr. Mattson for work that took place on May 22, 2024 sufficient to identify persons involved with or who have knowledge of the creation of the forensic image; and

2

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

(2) all digital copies of the image of Mr. Mattson's laptop computer and associated media in whatever format stored, such as external hard drives. *Id*.

The government also iterated in the letter that the materials subject to preservation were "relevant to an ongoing federal criminal investigation into, among other things, wire fraud and obstruction of justice." *Id*. On October 16, 2025, nearly five months after the Indictment was filed, the Grand Jury issued the Subpoena at the request of the government, seeking the same information identified in the May 29th letter. **Exhibit B.**

Before the time when the government alleges documents were deleted from Mr. Mattson's laptop, Mr. Mattson had provided the laptop to his counsel for the express purpose of document preservation. The government has no evidence that Mr. Mattson deleted files for the purpose of obstructing justice. The temporal sequence of handing over his laptop to counsel *before* the alleged deletion took place in fact indicates the opposite. The government knew that Mr. Mattson was present at 1111 Broadway at the time of the alleged deletions but apparently did nothing to investigate why or how those deletions could have come about---or even who had the laptop during the time of the alleged deletions.

At a bail hearing on May 28, 2025, there was considerable discussion about the obstruction charge, **Exhibit C**, pp. 9-23, and defense counsel argued that the government could not prove there were deletions or that Mr. Mattson had anything to do with alterations to the laptop since it had been in the possession of counsel. Of note, the very next day following that bail hearing, May 29, 2025, the government sent the preservation letter to Fennermore. To date no evidence has been provided to the defense that Mr. Mattson deleted anything from his laptop.

3

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

### III. ARGUMENT

#### A. Legal Standard.

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Abuse of process by the government may serve as a ground for quashing a grand jury subpoena. *In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels)*, 767 F.2d 26, 28 (2nd Cir. 1985). Once a defendant has been indicted, "prosecutors cannot utilize the grand jury solely or even primarily for the purpose of gathering evidence in pending litigation." *United States v. Moss,* 756 F.2d 329, 332 (4th Cir. 1985); *United States v. Dardi,* 330 F.2d 316, 336 (2nd Cir. 1964), *cert. denied,* 379 U.S. 845 (1964) ("[i]t is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial."). Put another way, "Rule 17 subpoenas are not a substitute for discovery." *United States v. McDonald*, 444 F. App'x 710, 711 (4th Cir. 2011) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S. Ct. 675, 95 L. Ed. 879 (1951) ("[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.") (emphasis added)).

#### B. The Primary Purpose of the Subpoena is to Gather Evidence, which is an Abuse of the Subpoena Process.

The nature of the information sought by the Subpoena clearly indicates that the government is seeking to shore up its evidence to prove its case against Mr. Mattson, in particular the obstruction of justice count. The obstruction count relates to "electronic files from [Mr. Mattson's] laptop computer" that were allegedly altered or destroyed. Dkt. 1 ¶ 62. The Subpoena seeks "all digital copies of the image of Mr. Mattson's laptop computer and associated media…such as external hard drives" as well as billing records from which the government hopes to glean the identities of Fennemore personnel "involved with or who have knowledge of the creation of the forensic image"

4

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

of Mr. Mattson's laptop. **Exhibit B**, at 3. All these materials speak directly to the obstruction count, and if produced, would potentially provide the government with evidence.

At the May 28, 2025, bail hearing the government argued that because their forensic examiner could not open the files on the laptop they were therefore deleted within the meaning of 18 U.S.C. §1519. What the government is now doing is attempting to obtain evidence post indictment to prove that Mr. Mattson is responsible for the alleged deletions. The Subpoena is clearly directed at bolstering proof for an already-charged count, rather than attempting to prove a different crime or investigate a new defendant.

Further, in its May 29, 2025 letter to Fennermore, the government admitted that the information subject to preservation, which eventually became the focus of the Subpoena, was for evidentiary purposes, see Exhibit A ("[t]his material is relevant to an ongoing federal criminal investigation into, among other things, wire fraud and obstruction of justice"). "Relevant material" is synonymous with evidence. Notably, the government referred to "an ongoing federal criminal investigation" despite the fact that the Indictment was filed more than two weeks prior on May 13, 2025.

Other than gathering evidence, no plausible explanation exists for the Subpoena. The government wants billing records "to identify persons involved with or who have knowledge of the creation of the forensic image." Exhibit B, at 3. Thus, if the Subpoena was requested to add defendants to the Indictment, this infers that the government believes personnel from Fennemore were criminally involved with obstruction. Any suggestion that Fennemore was involved in obstruction of justice is speculative and ludicrous on its face. The government's request for billing records is nothing more than a fishing expedition for evidence, a purpose for which subpoenas may not be used, see *United States v. Nixon,* 418 U.S. 683, 699–700 (1974). (to compel production, a

5

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

subpoena must not be "intended as a fishing expedition"). Nor can the government suggest that the Subpoena was requested for the purpose of preparing a superseding indictment. As previously stated, the materials sought under the Subpoena speak directly to the obstruction count in the Indictment.

In *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels),* the defendants made a "strong showing that the government's dominant purpose…was pretrial preparation." *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels),* 767 F.2d 26, 30 (2nd Cir. 1985). The government first sought materials post-indictment via a trial subpoena, which was later adjourned and substituted with a grand jury subpoena seeking the same materials. *Id*. at 29. Similar to the May 29, 2025, letter in this case where the government said the materials at issue were "relevant" to "an ongoing federal criminal investigation" (*i.e.*, potential evidence), the government in *Simels* sent a letter explaining that the initial trial subpoena "was served solely for evidentiary purposes." *Id*. The court stated there was "no reason to believe that" the subsequent grand jury subpoena "signified a shift in the uses to which the government intended to put the information" it sought previously with the trial subpoena. *Id.* at 29–30. Noting that "[t]he timing of the subpoena casts significant light on its purposes," the court reversed the district court's denial of the motion to quash. *Id.* at 29-30.

Like the present case, the government in *Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash* sought production of attorney fee information among other materials. *Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash,* 858 F. Supp. 132, 135–36 (D. Ariz. 1994). Despite finding "that attorney fee information is not privileged," the court nevertheless said this rule "may be tempered…if the timing of efforts to obtain such information suggests that it is sought for use in a pending trial." *Id*. Objections to the timing of four of the five subpoenas at issue were sustained by the court. *Id.*

**C. The Government's Delay in Requesting the Subpoena Further Demonstrates it is only Seeking to Gather Evidence.**

As the *Simels* court stated, "[t]he timing of the subpoena casts significant light on its purposes." *Id.* at 29. In this case the same holds true. In *Simels*, the grand jury subpoena was issued less than three months after the superseding indictment, and the court quashed the subpoena. *Simels*, *supra* at 27-30. Here, the government waited nearly five months before requesting the Subpoena. Curiously, a preservation letter was sent a little over two weeks *after* the Indictment was filed, which begs the question: why didn't the government just request a subpoena in the first place? Regardless, even if a subpoena had issued at that time, it still would have been untimely and plainly directed at trial preparation, rather than an investigation of new crimes or individuals.

From the government's monitoring of Mr. Mattson's civil and bankruptcy litigation, they knew that Fennermore was counsel for Mr. Mattson since May 2024. The government also knew before the Indictment was filed that Mr. Mattson was at his attorney's office on the date they allege he deleted files from his laptop. Dkt. 1 ¶ 60 ("[a]t the time these files were deleted, MATTSON was at or near 1111 Broadway in Oakland, California, in the Northern District of California"). Given this knowledge, a subpoena could have been issued well before the Indictment.

**D. Producing the Hard Drive Would be Testimonial, Potentially Incriminating, and Thus Violates Mr. Mattson's Fifth Amendment Rights.**

Even if the Court deems that the Subpoena was issued for legitimate purposes, which it was not, it still suffers from a fatal flaw. The production of documents in response to a subpoena may have incriminating testimonial aspects. *United States v. Hubbell,* 530 U.S. 27, 36 (2000) (*Hubbell II* ); *Fisher v. United States*, 425 U.S. 391, 410 (1976). The act of production is testimonial if it can be used by the government to show the existence, possession, or authenticity of the documents requested. *United States v. Doe,* 465 U.S. 605, 613, n. 11 (1984). The determination of whether the

7

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

act of production is testimonial depends on the facts and circumstances of a particular case. *Fisher,* 425 U.S. at 410. When a client transfers materials to an attorney for the purpose of seeking legal advice and a subpoena is directed to the attorney for those materials, the proper inquiry is whether the subpoena, if directed to the client himself, would have compelled testimonial self-incrimination. *In re Grand Jury Subpoena (85–W–71–5),* 784 F.2d 857, 860 (8th Cir.1986).

In *In re Grand Jury Proc. on Feb. 4, 1982,* the defendant was the object of a grand jury investigation for possible tax violations, and he, his attorneys, and accountant appealed from a district court's order to produce documents under government subpoenas. *In re Grand Jury Proc. on Feb. 4, 1982,* 759 F.2d 1418, 1418 (9th Cir. 1985). The appellants claimed privilege over documents involving transactions conducted through "non-institutional type partnerships and partnership joint ventures…" *Id*. at 1419. Specifically, the subpoenas "demanded personal journals, files related to the purchase of fishing boats, stock transactions, escrow statements, and receipts." *Id*. at 1421.

Citing *Hubbell II*, the court said that "[b]y producing documents in compliance with a subpoena, the witness admits that the documents exist, are in his possession or control, and are authentic." *Id*. "These types of admissions," the court said, "implicitly communicate statements of fact that may lead to incriminating evidence." *Id*. The appellants' production according to the court could "therefore relieve the government of proving the existence, possession, or authenticity of the records, and thus could be incriminatory." *Id*. The court reversed and remanded. *Id*.

*In re Grand Jury Proc. on Feb. 4, 1982* provides guidance to the present situation. In this case, the government seeks to prove that documents on the hard drive do *not* exist and are not in the possession of Mr. Mattson. Evidence that these documents do not exist on the hard drive would support the government's allegations that Mr. Mattson destroyed evidence and obstructed justice. Production would therefore be testimonial and incriminating because it would relieve the government

8

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

of proving the existence and possession, or lack thereof, of the documents in question on the hard drive. The government already has Mr. Mattson's laptop and failed to gather enough evidence to prove the obstruction charge before filing the Indictment. The Court should not allow a violation of Mr. Mattson's Fifth Amendment rights just because the government wishes to bolster its existing evidence. Enforcing the Subpoena could also have a chilling effect on attorney-client relations because if the government is allowed to circumvent the 5th Amendment by sending subpoenas to attorneys when it needs more evidence, clients may be less inclined to share information with their counsel.

E. **Mr. Mattson has Standing to Oppose the Subpoena.**

Although the Subpoena was served on Fennemore, Mr. Mattson has standing to move the Court to quash because the subpoena impacts his legitimate interests, namely, his constitutional rights. In *Simels, supra,* the court considered the appellant-intervenor's claims because he argued that enforcement of the subpoena served on his attorney would violate his constitutional rights. *Simels,* 767 F.2d at 29. District courts in the Ninth Circuit are in accord, see *United States v. Jenkins,* 895 F.Supp. 1389, 1393 (D. Haw. 1995) ("[i]n a criminal case, a party has standing to move to quash a third party subpoena 'if the subpoena infringes upon the movant's legitimate interests.'") (quoting *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982)); *United States v. Ortiz,* No. C 12-00119 SI, 2013 WL 6842559, at *2 (N.D. Cal. Dec. 27, 2013).

F. **Compliance with the Subpoena would Violate Attorney-Client Privilege and the DOJ's Own Guidelines.**

As previously stated, the act of production itself would be incriminating, and therefore violate attorney-client privilege, see *In re Grand Jury Subpoena (85–W–71–5),* 784 F.2d 857, 860 (8th Cir.1986), *supra*. Production would also violate the DOJ's own guidelines for obtaining evidence.

9

NOTICE OF MOTION; MOTION TO QUASH GRAND JURY SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES
UNITED STATES VS. KENNETH W. MATTSON Case No. 25-cr-00126-JST-1

First, the DOJ's guidelines require that in evaluating a request to subpoena a defendant's attorney "[a]ll reasonable attempts to obtain the information from alternative sources shall have proved to be unsuccessful." Section 9-13.410 "Guidelines for Issuing Subpoenas to Attorneys for Information Relating to the Representation of Clients."[1] Here, no other attempts to obtain the information were made; the government only asked that the materials be "preserved," and the government already possesses the laptop containing all the materials it is asking for. Second, any subpoena must be "narrowly drawn and directed at material information regarding a limited subject matter and shall cover a reasonable, limited period of time." *Id.* The Subpoena commands production of all documents on the hard drive, even though the government already possesses the same documents. Mr. Mattson gave the hard drive to his counsel for the purpose of assessing whether its contents incriminate him or not and forcing its production would violate the attorney-client privilege.

IV.   **CONCLUSION**

The law is clear: the grand jury process cannot be used primarily for the purpose of gathering evidence in pending litigation. *Moss, supra*, 756 F.2d at 332. All indications are that the government is attempting to do just that with the Subpoena because it currently does not have enough evidence to prove who deleted the files. The Court should quash the Subpoena to prevent the government from abusing the grand jury process in this case.

Date: November 14, 2025                                    Respectfully submitted,


 _/s/_____
 RANDY SUE POLLOCK
 Counsel for Kenneth W. Mattso.

---

[1] https://www.justice.gov/jm/jm-9-13000-obtaining-evidence#9-13.410.