UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | Case No. 25-cr-00126-JST-1<br><br>**ORDER DENYING THIRD MOTION TO MODIFY PRETRIAL RESTRAINT**<br><br>Re: ECF No. 100 |

On May 28, 2025, the magistrate judge set conditions of Defendant Kenneth Mattson's pretrial release that included a $4,000,000 bond secured by $200,000; real property at 210 La Salle Avenue, Piedmont, California; and a second real property in Reno, Nevada. ECF No. 23. On June 11, 2025, the magistrate judge issued a superseding order setting conditions of release that included the same bond conditions. ECF No. 37. Mattson has not argued that the conditions imposed by the magistrate judge are excessive. Nor has he offered any substitute security for the La Salle property, which has not yet been posted.

Mattson previously argued that 210 La Salle was community property, but he now disclaims any ownership interest in the property. ECF No. 107-2 ¶ 15. In addition, a preliminary title report has concluded that title is held by Mattson's wife, "Stacy L. Mattson, a married woman as her sole and separate property." ECF No. 112-2 at 7.

Before the Court is Mattson's third motion arguing that the requirement to post the La Salle property violates his Sixth Amendment right to counsel. ECF No. 100. The Court denied Mattson's first motion regarding asset restraints as to 210 La Salle and other real properties because Mattson failed to make a sufficient showing of his inability to pay counsel of his choosing. ECF No. 68. The Court denied his second motion because he presented no evidence

that the court overseeing Mattson's bankruptcy case would approve sale of any of the contested properties. ECF No. 78.

When the Court denied Mattson's first motion to modify, it instructed Mattson that if he "files a renewed motion regarding 210 La Salle, he should present argument on how a defendant's Sixth Amendment rights intersect with a court's obligation to determine suitable conditions to allow a defendant to be released pending trial." ECF No. 68 at 6. Mattson's third motion continues to present no authority addressing this intersection and instead again relies on the more general ruling in *Luis v. United States*, in which a plurality of the United States Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." 578 U.S. 5, 10 (2016). The assets in question there were $2 million in untainted assets the government was "hoping to preserve . . . for payment of restitution and other criminal penalties." *Id.* at 9. At stake was the defendant's Sixth Amendment right to counsel of his choice balanced against the government's "contingent interest in securing its punishment of choice (namely, criminal forfeiture) as well as the victims' interest in securing restitution (notably, from funds belonging to the defendant, not the victims)." *Id.* at 19.

As another court in this district has concluded, "*Luis* is distinguishable" from the situation presented here, where a defendant seeks to modify bail conditions to pay for counsel of his choosing. *United States v. Yang*, No. 16-CR-00334-LHK-1 (VKD), 2018 WL 5733659, at *2 (N.D. Cal. Oct. 30, 2018). "Here, the government and the Court have an interest in reasonably assuring [the defendant's] appearance for proceedings, and the secured bond serves that interest. Unlike *Luis*, the bond does not serve a merely contingent interest—i.e. funds for possible future restitution to crime victims if the government ultimately obtains a conviction." *Id.* While that court also noted that "there may be circumstances in which a court-ordered bond imposes such a heavy financial burden that its posting renders a defendant indigent and prevents her from otherwise retaining counsel of her choice," it did not conclude that such a burden would violate the Sixth Amendment. *Id.* To the contrary, the defendant in that case was already being represented by court-appointed counsel. *Id.* at *1 n.1.

Mattson also relies on *United States v. Stein*, 541 F.3d 130 (2d Cir. 2008), in which the

2

Second Circuit found a Sixth Amendment violation where "the government's overwhelming influence" led the defendants' employer to adopt "a policy under which it conditioned, capped and ultimately ceased advancing legal fees to defendants." *Id.* at 136. The court opined that "the Sixth Amendment prohibits the government from impeding the supply of defense resources (even if voluntary or gratis), absent justification." *Id.* at 156. The facts in this case do not violate that holding because Mattson "alleges neither prosecutorial misconduct, nor that the Government provided no justification for [a detention hearing], nor that the Government sought the [detention hearing or pretrial release conditions] with the desire or purpose of interfering with [Mattson's] relationship with his counsel." *United States v. Kolfage*, 537 F. Supp. 3d 559, 565 (S.D.N.Y. 2021). In addition, a magistrate judge determined that posting the La Salle property as security was a necessary condition for Mattson's pretrial release, and it is that decision—not any action by the government—that makes the property unavailable to fund Mattson's legal fees.

The government correctly observes that "no one is forcing Mrs. Mattson to post the property; if it is posted as required by the conditions of release, it will be because she has voluntarily agreed to do so in order to secure Mr. Mattson's pretrial release." ECF No. 105 at 9 n.2. The Court understands that, unless Mattson's conditions of release are modified to allow posting of a substitute or reduced security, Mattson's wife must make a difficult choice. But this is not a case where the government has taken any action to persuade Stacy Mattson not to pay Mattson's legal fees. *Cf. United States v. Shelton*, No. 23-cr-00258-JSC-1, 2024 WL 4520944, at *4 (N.D. Cal. Oct. 17, 2024) (finding Sixth Amendment violation where "the government's act here—moving to dismiss Counts 1-8—has already persuaded the Employer to stop advancing [the defendant's] fees").

Taken to its logical conclusion, Mattson's position would render unconstitutional any financial conditions of pretrial release unless a defendant had sufficient other assets to pay counsel of their choosing. Mattson has cited no authority to support such a sweeping conclusion, and the Court finds no basis to conclude that the Sixth Amendment prevents a court from imposing financial conditions for pretrial release that encumber assets that a defendant might otherwise use to hire counsel.

3

1          Mattson's third motion to modify pretrial restraint is denied.

2          **IT IS SO ORDERED.**

3     Dated:  November 25, 2025



         _____
                       JON S. TIGAR
                  United States District Judge

4