

*United States Attorney*
*Northern District of California*

*11ᵗʰ Floor, Federal Building*          *(415)436-7200*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*          *FAX: (415)436-7234*

June 11, 2026

**VIA CM/ECF**
The Honorable Jon S. Tigar
United States District Judge
United States District Court
Ronald V. Dellums Federal Building & U.S. Courthouse
1301 Clay Street
Oakland, California 94612

  *Re: United States v. Mattson*, **Case No. 4:25-CR-00126 JST**

Dear Judge Tigar:

  The above-captioned matter is currently set for a change of plea on June 15, 2026.  This evening, defense counsel informed the government that the defendant does not intend to plead guilty on June 15, 2026, and will instead persist in his plea of not guilty.  Accordingly, at the next court hearing, the government intends to request that the Court set this matter for a jury trial.

  In connection with the anticipated change of plea hearings, the government solicited and received written victim statements addressed to the Court: 39 written statements for the hearing scheduled for May 11, 2026 (which was continued), and 60 written statements for the hearing scheduled for June 15, 2026.  The government solicited these statements because, under the Crime Victims' Rights Act, 18 U.S.C. § 3771, crime victims have the "right to be reasonably heard at any public proceeding in the district court involving," among other things, a plea.  *Id.* § 3771(a)(4).

  However, because the defendant apparently now does not intend to change his plea, the written statements are no longer in connection with a "public proceeding . . . involving . . . [a] plea."  *Id.*  Accordingly, and mindful of Federal Rule of Criminal Procedure 11's restrictions on judicial participation in plea negotiations, we have not provided those statements to the Court and do not intend to do so unless the Court directs otherwise.  *See generally United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013) (noting that reasoning for Rule 11's prohibition on the

court's participation in plea discussions includes, among other things, protecting integrity of the judicial process and preserving judge's impartiality after the negotiations are completed).

     We trust this information will be helpful to the Court.

          Respectfully submitted,

          CRAIG H. MISSAKIAN
          United States Attorney

          */s/ Nikhil Bhagat*
          NIKHIL BHAGAT
          NOAH STERN
          Assistant United States Attorneys

cc: counsel of record (by ECF)