CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

　　450 Golden Gate Avenue, Box 36055
　　San Francisco, California 94102-3495
　　Telephone: (415) 436-7200
　　FAX: (415) 436-6982

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 4:25-CR-00126 JST |
| Plaintiff, | ) STATUS REPORT |
| v. | ) |
| KENNETH W. MATTSON, | ) |
| Defendant. | ) |

Pursuant to the Court's oral order of June 15, 2026, the United States respectfully submits this status report advising the Court of the status of the parties' discussions with respect to a trial date and the government's position as to an appropriate trial date. As directed, the parties have met and conferred but have not been able to reach agreement on a proposed trial date.

## I.　　Anticipated Actions Prior to Trial

In response to the Court's inquiries, the government submits that it anticipates taking the following substantial actions prior to trial in this matter:

(1) *Potentially seeking a superseding indictment*. As the government has described elsewhere, *e.g.* ECF No. 124 at 10–12, its investigation is ongoing. It thus anticipates possibly seeking a

U.S. STATUS REPORT
CASE NO. 4:25-CR-00126 JST　　　　　　　　　1

superseding indictment, likely within the next 90 days.  But the possibility of such an indictment is not a basis for an extended trial schedule. Any superseding charges would arrive well before the statutory 30-day minimum, would not be a surprise to the defense, and would be substantially based on evidence already produced—including materials the defendant has possessed for more than a year and much of which originated from his own records. The prospect of a superseding indictment does not justify a substantial trial delay.

(2) *Finalizing production of copies of certain electronic devices*.  The government has produced the vast majority of presently-existing discovery in this matter.  A limited subset of electronic devices and accounts have not yet been produced. The government anticipates producing the remainder of these items within the next 30 days.

(3) *Continuing its review of certain sets of data that may contain potentially privileged information.* As described in the Indictment, *see* ECF No. 1 at 18, Mr. Mattson was represented by counsel as early as May 2024, prior to the execution of certain court-ordered search warrants.  Given that, the government has taken steps to ensure that individuals on the prosecution team—prosecutors, special agents, and others—do not inadvertently become exposed to potentially privileged material.  Accordingly, those materials have been or are in the process of being reviewed by a filter team, following which the prosecution team will review the filtered materials for information responsive to the warrant(s).  The government anticipates that this process will be completed within 90 days.  However, the government has already provided full—*i.e.*, unfiltered—copies of the majority of these items and/or accounts to the defense, and as described above, the government anticipates producing the remainder of those items and accounts within 30 days.

(4) *Continuing to interview victims and other witnesses to the defendant's conduct and produce discovery on an ongoing basis.*  The government will continue its investigation, including interviews of additional victims and other witnesses to the defendant's conduct.  To the extent that this continuing investigation generates any additional Rule 16 discovery, the government will produce it to the defendant promptly.

(5) *Consulting and Potentially Retaining Expert Witness(es)*.  The government has consulted

with one potential expert witness and intends to consult with others with a view towards retaining said experts to assist in its investigation and potentially for testimony at trial. This is an ongoing process that does not lend itself well to temporal estimate, but the government is confident that it will be able to meet any reasonable expert disclosure deadline the Court might set.

## II.    PROPOSED TRIAL DATE

The government proposes the following schedule, subject to the contingency described in the next section:

**Status Conference**: September 9, 2026
**Pretrial Conference**: December 28, 2026
**Jury Selection**: January 14–15, 2027
**Trial Begins**: January 19, 2027[1]
**Pretrial Filing Deadlines**: In accordance with local rules and the Court's standing order unless otherwise stipulated by the parties.

At first glance, this proposed schedule would seem to conflict with another trial for Mr. Mattson's counsel in the Eastern District of California. But that trial is likely to be continued.

Counsel for Mr. Mattson represents Jayson Weaver in *United States v. Bash*, et al., No. 1:20-CR-238-JLT (E.D. Cal.) Mr. Weaver, who was previously represented by other counsel, first appeared on September 8, 2023. E.D. Cal. Dkt. 780. Ms. Pollock was appointed on August 2, 2024. E.D. Cal. Dkt. 1204. At the time, trial was set for January 2025. E.D. Cal. Dkt. 1274. That same day, Mr. Weaver, through his new counsel, moved to continue trial, representing that "it is not possible for any competent attorney to be prepared for trial by January 2025 to defend Mr. Weaver against charges of this scope and magnitude." E.D. Cal. Dkt. 1208. On August 27, 2024, a second attorney was also appointed to represent Mr. Weaver. E.D. Cal. Dkt. 1275. At his new attorneys' request, Mr. Weaver's trial was continued by 16 months—from January 2025 to April 21, 2026. E.D. Cal. Dkt. 1329, 1330. The Eastern District Court subsequently continued that trial again to January 5, 2027. E.D. Cal. Dkt. 2047.

Recently, Mr. Weaver's co-defendant Andrew Collins discharged his lawyer. E.D. Cal. Dkt. 2074. New counsel, J. Edward Jones, was appointed on May 8, 2026. E.D. Cal. Dkt. 2100. The

---

[1] Monday, January 18, 2027, is a federal holiday.

government understands that Mr. Jones intends to seek to continue the trial.  If the Court in the Eastern District grants that motion, as it has previously under similar circumstances, Ms. Pollock would not have a conflict in trying Mr. Mattson's case in January.

The defendant's request for a summer 2027 trial date for a case that was charged in May 2025, even accounting for his counsel's intervening trial, is unreasonable and does not adequately consider the interests of his victims, who have a statutory "right to proceedings free from unreasonable delay."  18 U.S.C. § 3771(a)(7).  *See also id.* § 3771(b)(1) ("the court shall ensure that the crime victim is afforded the rights described in subsection (a)").  The defendant and his counsel have been aware of the charges and been in possession of the vast majority of discovery since at least May 2025; indeed, this is a case where the government extraordinarily produced some discovery to the defendant prior to charges being filed.  Moreover, the defendant has been aware of an SEC investigation into the same conduct since at least mid-2024.  *See* Indictment, ECF No. 1, at 18.

### III.    PROPOSED PROCEDURE AND CONTINGENT TRIAL DATE

More than six months remain before Mr. Weaver's trial in the Eastern District, which the government understands will last approximately six weeks.  But for the reasons described above, that trial is likely to be continued.  The government therefore proposes that the Court set Mr. Mattson's trial for January 2027 as well as a status conference as set forth in the previous section.  If, by the status conference, it becomes clear that the Eastern District trial will not be continued, then the Court should move this trial to March 15, 2027 and resent the attendant deadlines accordingly.

The government respectfully submits that this approach best balances the defendant's right to effective representation with the victims' and the public's interest in a speedy trial.

DATED:  June 25, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
NIKHIL BHAGAT
NOAH STERN
Assistant United States Attorneys