RANDY SUE POLLOCK (CA SBN 64493)
rsp@rspollocklaw.com
LAW OFFICES OF RANDY SUE POLLOCK
286 Santa Clara Avenue,
Oakland, CA 94610-2624
Telephone:    510.763.9967
Facsimile:    510.380.6551

Attorney for Defendant
KENNETH W. MATTSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | Case No. 4:25-cr-00126-JST<br><br>**DEFENDANT KENNETH MATTSON'S PROPOSAL REGARDING TRIAL DATE, TRIAL DEADLINES AND HEARINGS**<br><br>Date:    July 1, 2026<br>Time:    9:30 a.m.<br>Judge:   Hon. Jon S. Tigar<br>Ctrm:    6 – 2nd Floor |

Pursuant to the Court's oral order and minute order on June 15, 2026, the defense submits the following background information and proposal regarding the trial date, trial deadlines and hearings.

Defendant Kenneth Mattson was charged on May 13, 2026, in a 19 page indictment alleging violations of Wire Fraud, in violation of 18 U.S.C. §1343; Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (Money Laundering), in violation of 18 U.S.C. §1957, and Destruction/Alteration of Records, in violation of 18 U.S.C. §1519.

During the first six months of this case there was extensive litigation addressing requests to modify asset restraint for legal fees, modifications of the conditions of bail, and a motion to quash a grand jury subpoena.

To date there have been 15 letters regarding productions of discovery to the defense.  The 13th production on June 18, 2026, listed a Bates range from 00139805 to 140029.  Counsel is unable to provide the Court will a total page count for the produced discovery. In addition to discovery provided by the government, counsel needs to review significant pleadings in the bankruptcy docket in Mr. Mattson and his company's case.

Counsel's original paralegal changed jobs in January 2026.  The next paralegal, who lives and works in South Carolina, was not prepared to work on this case if it proceeded to trial. Counsel was able to hire another paralegal last week who is in the process of organizing the discovery and obtaining several external drives that counsel has related to the case. Since the last appearance on June 15th, counsel has made repeated inquiries to obtain co-counsel to assist in the case.  Counsel should be able to address this issue further at the hearing on July 1st.

Yesterday, defense counsel provided the government with a rough estimate of trial deadlines.  The proposal was as follows:

- 4 -5 months before trial, informal notice of government experts and their topics
- 4 months before JT, formal Rule 16 notice of experts
- 4 months before JT, preliminary govt wit/exhibit lists
- 3 months before JT, defense Daubert motions
- 2 months before JT, informal notice of defense experts with topics
- 2 months before JT, final government witness/exhibit list
- 2 months before JT, formal notice of defense experts
- 7 weeks before JT, motions in limine
- One week before JT, preliminary disclosure of defense witnesses/exhibit list
- Pretrial Conference one month before trial
- Not sure about a motions date

Today government counsel proposed a trial date of January 19, 2027.  This date is no different than their proposal for a November trial date.  A January trial date, which is just over

DEFENDANT'S PROPOSAL RE. TRIAL DATE, TRIAL DEADLINES AND HEARINGS

2

CASE NO.:  4:25-CR-00126-JST

five months away, means that there is little time to review the enormous discovery and effectively prepare for trial.

Under the Sixth Amendment, trials must allow for the effective assistance of counsel rather than rushing to a verdict. The U.S. Constitution guarantees that a fair, accurate, and just outcome takes precedence over rapid case disposition, ensuring defendants are not left to the mercies of unprepared representation. The American legal system balances these two priorities— effective counsel and a speedy trial.  Because an adversarial justice system requires both a fair proceeding and the timely resolution of charges, judges continually balance these two constitutional guarantees.

In this case there are over one hundred victims who feel that Mr. Mattson should plead guilty and want a speedy and fast resolution to this case. Prior to the last court appearance on June 15th, the government advised this Court of the following in Dkt. 183:

> In connection with the anticipated change of plea hearings, the government solicited and received written victim statements addressed to the Court: 39 written statements for the hearing scheduled for May 11, 2026 (which was continued), and 60 written statements for the hearing scheduled for June 15, 2026. The government solicited these statements because, under the Crime Victims' Rights Act, 18 U.S.C. § 3771, crime victims have the "right to be reasonably heard at any public proceeding in the district court involving," among other things, a plea.

At the hearing on June15th, over 70 victims were in court leaving no room for Mr. Mattson and his family to sit.

Victims do have rights in criminal proceedings, but they must be balanced with the defendant's right to provide defense counsel sufficient time to build an adequate defense to safeguard his constitutional rights. In this case, the government's proposal of a January trial date weighs in favor of the victim's rights and does not ensure Mr. Mattson's Sixth Amendment right to effective assistance of counsel. A criminal defendant has a right to counsel who will "bear

DEFENDANT'S PROPOSAL RE. TRIAL
DATE, TRIAL DEADLINES AND                    3                    CASE NO.:  4:25-CR-00126-JST
HEARINGS

[their] skill and knowledge as will render the trial a reliable adversarial testing process." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (internal citation omitted). For counsel to satisfy this obligation, they must conduct an adequate investigation. *Strickland*, 466 U.S. at 690-91 ("[s]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on the investigation."). Where counsel do not have the time to adequately investigate and prepare for trial, a defendant's right to counsel is "an empty formality." *United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (reversing and remanding where trial court failed to give defense counsel adequate time to prepare for trial); *Gandy v. State of Alabama*, 569 F.2d at 1328 (5th Cir. 1978); *Schwarz v. United States*, 828 F. App'x 628, 632 (11th Cir. 2020) (unpublished) (vacating and remanding where trial court failed to give defense counsel, who immediately moved for more time, adequate time to prepare for trial where the discovery included three terabytes of data).

Mr. Mattson's constitutional rights are paramount in this case. To effectively represent Mr. Mattson counsel requests a trial in May 2027. [1]

Date: June 25, 2026                                   Respectfully submitted,

                                                       LAW OFFICES OF RANDY SUE POLLOCK


                                                       By: */s/ RANDY SUE POLLOCK*
                                                           RANDY SUE POLLOCK
                                                           Attorney for Defendant
                                                           KENNETH W. MATTSON

---

1. Additionally, with respect to defense counsel's trial in the EDCA in *United States vs. Bash, CR. 20-238-JLT*, the government advised counsel that they would object to a possible motion to continue that another co-defendant's counsel may make. At a last hearing to continue the trial held on December 1, 2025, both the government and present counsel (for Jayson Weaver) did object to the continuance.