CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6982

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | CASE NO. 4:25-CR-00126 JST<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE |

The defendant has filed a motion to continue trial. Because his request is disproportional to any purported need and fails to consider the interests of the government's victim-witnesses, and because it fails to address the other relevant legal standards, the Court should deny the motion.

**PROCEDURAL HISTORY**

The grand jury returned an indictment on May 13, 2025. ECF No. 1. On April 10, 2026, the defendant announced his intention to plead guilty, and the Court set the matter for a change of plea on May 11, 2026. *See* ECF No. 174. At the request of the parties, the Court continued that hearing to June 15, 2026. ECF No. 179. On June 15, 2026, the Court converted the change of plea hearing to a status conference; at the hearing, the government sought a trial date of November 2026 and the defendant

requested a trial date in July 2027. *See* ECF No. 185.

The Court directed the parties to meet and confer and thereafter file written statements regarding their respective positions. *Id.* On June 25, 2026, in response to the Court's orders, the government proposed a trial date of January 19, 2027. ECF No. 187. The defendant proposed a trial date of May 2027. ECF No. 188. On July 1, 2026, the Court set the current trial schedule:

Pretrial conference: March 26, 2027

Jury selection and trial: April 12, 2027

ECF No. 189. On August 27, 2026, the defendant filed a motion to further continue the trial from April 12, 2027 to May 3, 2027. ECF No. 192.

## DISCUSSION

This court has "broad discretion" to grant or deny a continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985)). The Court of Appeals will not disturb this Court's decision to deny a continuance unless that denial is "arbitrary or unreasonable." *Id.* In this context, the Ninth Circuit considers four factors in determining whether a district court abused its discretion: (1) the extent of the defendant's diligence in preparing his defense or whether his request is merely a delaying tactic; (2) the "usefulness of the continuance," (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party," including its witnesses, and (4) whether the defendant suffered any prejudice. *Kloehn*, 620 F.3d at 1127 (citing *Flynt*, 756 F.3d at 1359–61). This is a fact-specific inquiry "bound by no particular mechanical test." *Id.* (quoting *Armant v. Marquez*, 772 F.3d 552, 556 (9th Cir. 1985)).

Here, the defendant requests a three-week continuance because an attorney who has not been retained by him, nor been appointed to him, and who has not entered an appearance, has obligations in connection with a family member's wedding in San Francisco on Saturday, April 24, 2027. That is an unreasonable request, and it should be denied.

*First*, the caselaw requires the Court to consider the extent of the defendant's diligence in preparing a defense or whether his request is merely a delaying tactic.[1] The relief requested—a trial date

[1] The defendant's motion implies that the government took a month to respond to his counsel's proposal. Not so. After first being advised of the request, the government asked questions of counsel to

of May 2027—is precisely the date Mattson requested in his initial written proposal. The defendant has an attorney. That same attorney has competently represented him in related matters since at least May 2024¸ *see generally* ECF No. 1 ¶ 58, and has engaged in extensive and prolonged litigation practice on his behalf. His long-standing attorney has no personal or professional conflict with the current trial schedule. That Mattson *desires* to engage a particular second taxpayer-funded attorney who will only agree to join his representation if the trial is continued by three weeks because that attorney's daughter is getting married on a weekend day at some point during a multi-week trial is not a reason to grant a continuance, particularly here, where the Court initially set the trial date relatively far in the future to accommodate his current counsel's requests. *See generally United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them"); *Valdez v. Cullen,* No. 2:10-cv-05252-JLS-KES, 2025 WL 3285827, at *64 (C.D. Cal. Oct. 25, 2025) (noting that there is no Constitutional right to a second defense attorney even in a capital case).

*Second*, it is unlikely that "the purpose of the continuance would [be] achieved [if] it [were] granted." *Kloehn*, 620 F.3d at 1127. The defendant's motion fails to specify the specific purpose of the continuance, but it is ostensibly to ensure that his second, not-yet-appointed counsel would be better prepared for trial, and the suggestion is that somehow the fact that his relative's wedding will take place in the midst of trial—an event for which he will not have to travel—will interfere with that preparation.

But jury selection on April 12, 2027 means that opening statements are unlikely to begin until at least April 14, 2027. In a case like this—where the government has estimated a trial of approximately four to six weeks and the Court has acknowledged that as a reasonable estimate—the government will only likely be towards the beginning of its case-in-chief by Saturday, April 24. And the Court's standing order means that the trial will end by 1:30 p.m. on April 22 and be dark on Friday, April 23. And the defendant does not request an accommodation proportional to his putative second counsel's scheduling conflict, like not holding trial on April 22, so he has an additional day to prepare for the

---

understand why she needed a three-week continuance so the government could determine its position with respect to the request. Defendant's counsel also advised the government that she was out of town from August 12 through August 23.

arrival of his out-of-town guests, or being dark on Monday, April 26, to allow him additional time to recover from the festivities. This is a far cry from the situation in *Kloehn,* where the Ninth Circuit reversed the denial of a two-day continuance to allow the defendant himself, who was in the middle of testifying, to see his dying son. 620 F.3d at 1125–29. Here, even if the Court finds that a weekend family obligation of an attorney who is not counsel of record justifies some continuance, there are ample other options to meet "the need for a continuance," *Flynt*, 756 F.2d at 1359, without a three-week delay of the entire trial.

*Third*, and perhaps most saliently here, the Court must consider "the extent to which granting the continuance would [] inconvenience[] the court and the opposing party, including its witnesses." *Id.* Were the relevant consideration simply inconvenience to government counsel, this factor would be less important. But here, given the Court's mandate to consider a further continuance's impact on the government's *witnesses*, this factor weighs particularly heavily in favor of denying the motion to continue.

It is no secret that a large number of the government's witnesses in this case will be Mr. Mattson's victims. Those victims have a statutory "right to proceedings free from unreasonable delay" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C.§§ 3771(a)(7),(a)(8). In large part because of the design of one part of Mr. Mattson's scheme—convincing individuals to rollover their IRA accounts into nonexistent phantom real estate investments—many of these witnesses are of advanced age and some are in ill health. Others are in dire financial straits, having lost substantial parts of their life savings to Mattson's scheme. They are entitled to a speedy trial, one in which they can meaningfully participate. *See United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'"). And the trial date in this matter was already set significantly later than the government originally requested considering these victim interests. *See* Status Report, ECF No. 187 at 4. A further delay of trial would cause substantial

inconvenience to these witnesses, many of whom live an hour or more from the Oakland courthouse.[2] This factor counsels in favor of denying the motion.

*Finally*, for the reasons described above, and in particular because his request is substantially disproportionate to his asserted need, Mattson will not be able to show any prejudice from a denial of his motion. According to the defendant's own motion, unlike his counsel of record, Mr. Shepard has met with the defendant exactly one time, and he has met with the defendant's counsel of record exactly once. Def. Mot. at 2. He is represented by an experienced federal criminal defense attorney. *See United States v. Kvashuk*, No. CR19-0143JLR, 2020 WL 569862, at *4 (W.D. Wash. Feb. 5, 2020) (finding that the defendant would not suffer prejudice from a denial of his motion in part because he was "represented by competent, experienced counsel"). Under these circumstances, even if Mr. Shepard chose not to enter an appearance because he wanted to spend two weeks preparing for his daughter's wedding and a third week recovering from it, *see id.*, the loss of the potential representation of an attorney he has only met once, where he has had the same counsel of record for more than two years, would not cause Mattson any prejudice. And "prejudice is . . . a necessary condition for granting a continuance." *United States v. Zinnel*, No. 2:11-cr-00234-TLN, 2019 WL 4054845, at *6 (E.D. Cal. Apr. 26, 2019).

## CONCLUSION

For the foregoing reasons, the Court should deny the motion.

DATED: September 7, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
NIKHIL BHAGAT
NOAH STERN
Assistant United States Attorneys

[2] The government cannot know how the proposed continuance would inconvenience the Court, but that is another permissible consideration. *See Flynt*, 756 F.3d at 1359.