CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6982
nikhil.bhagat@usdoj.gov
noah.stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | NO. 4:25-CR-00126 JST<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING CERTAIN AGREED-UPON PRETRIAL DEADLINES<br><br>Status Conference Date: November 6, 2026<br>Status Conference Time: 9:30 a.m.<br>Court: Hon. Jon. S. Tigar |

## I. Stipulation to Continue Pretrial Conference

The Court previously set a pretrial conference date of March 26, 2027 and a trial date of April 12, 2027. ECF No. 189. Thereafter, the Court granted the defendant's motion to continue trial, and jury selection is now set to begin on May 17, 2027. ECF No. 196.

In light of the new trial date, the parties hereby stipulate to continue the pretrial conference to April 30, 2027 at 2:00 p.m.

## II. Agreed-Upon Pretrial Deadlines

As described in the stipulation filed October 14, 2026 (ECF No. 206), the parties have been

meeting and conferring regarding a pretrial schedule in the above-captioned case. The parties have reached agreement on some pretrial deadlines, but others remain disputed.

Assuming the Court grants the parties' stipulation continuing the pretrial conference, the agreed-upon dates are as follows:

| **Event** | **Date** |
|---|---|
| Pretrial Motions Due (other than *Daubert* and Motions in Limine) | February 24, 2027[1] |
| Oppositions to Pretrial Motions Due | March 10, 2027 |
| Replies to Oppositions to Pretrial Motions Due | March 17, 2027 |
| Hearing on Pretrial Motions | March 26, 2027 |
| Government's Production of Initial Witness and Exhibit Lists | April 2, 2027 |
| Defendant's Production of Initial Witness and Exhibit Lists | [disputed] |
| Rule 404(b)/L.R. 16-1(c) Disclosures | [disputed] |
| Government's Expert Disclosures | [disputed] |
| Defendant's Expert Disclosures | [disputed] |
| *Daubert* and Motions *in Limine* Due | April 13, 2027 |
| Supplemental Jury Questionnaire Questions Due | April 16, 2027 |
| Oppositions to *Daubert* and Motions *in Limine* Due | April 20, 2027 |
| Proposed Jury Instructions Due | April 23, 2027 |
| Government to Provide Proposed Verdict Form | April 23, 2027 |
| Pretrial Conference | April 30, 2027 |
| Trial | May 17, 2027 |

[1] In the event a party files a motion prior to this date, the parties contemplate that the deadlines contemplated by Local Criminal Rule 47-2—*i.e.* an opposition due within 7 days and any reply due within 4 days of the filing of an opposition—will apply absent leave of Court.

## III. Disputed Pretrial Deadlines

### A. Expert Disclosures

*Government's Proposed Date: March 26, 2027*[2]

Government's Statement: The government's proposed date would require the disclosure of expert testimony more than two weeks prior to the deadline for filing *Daubert* motions. This provides sufficient time for the preparation of *Daubert* motions challenging expert testimony. Moreover, there is no basis for the Defendant's proposal of staggered expert disclosure dates; fundamental fairness, as well as the Rule 16's requirement that the defendant's disclosure be "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence," Fed. R. Crim. P. 16(b)(1)(C)(ii), both counsel in favor of requiring the Defendant to provide expert disclosures for his case-in-chief on the same date as the government. The Defendant's statement conflates the volume of documents produced in this case with "complexity." Nor can the defendant credibly claim unfair surprise in this particular case: the current charges against the defendant are laid out in a detailed speaking indictment, and the government anticipates that any superseding indictment would be similarly detailed. Moreover, the government has laid out its theory of the case as part of the substantial motion practice to date. Given that, the Defendant has a substantial basis to understand the case against him and determine what expert testimony may be relevant to his case-in-chief. Finally, the staggered dates suggested by the Defendant would impact the government's ability to meaningfully prepare any rebuttal experts.

*Defendant's Proposed Dates: March 19, 2027(Government Disclosures); April 2, 2027 (Defense Disclosures)*

Defense Statement: Two weeks prior to the deadline for filing *Daubert* motions may be sufficient to allow briefing on *Daubert* issues, but the disagreement is about how much time there needs to be between the expert disclosures and trial in a complex case. See Fed. R. Crim. Pro. 16(a)(1)(G)(ii) (disclosure "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence"). What the defense proposes is at the lesser end of what reasonably provides a

[2] The government initially proposed expert disclosures twenty-eight days before the pretrial conference (which would be April 2, 2027). After considering the defendant's position, the government now proposes thirty-five days before the pretrial conference.

fair opportunity. *Compare, e.g.,* ECF 173 in *United States v. Thao,* 4:24-cr-0003 YGR (124 days between expert disclosure and pretrial conference). Not only do expert disclosures in complex cases often trigger the need for additional fact development, but they may also result in the need to add to existing expert work and/or obtain new experts, all of which can be time consuming. Contrary to the government's suggestion, the defense is unable to, and its trial preparation should not depend upon, making a guess about what experts the government may employ, let alone what those experts would say, based on applying hermeneutics to the indictment or briefs filed to date.

The government should make its disclosure before the defense, for three reasons. First, the structure of Rule 16 appears to direct that the disclosures be staggered. *See* Fed. R. Crim Pro 16(a)(1)(G)(i) (requiring government expert disclosure in response to defense request, without condition) and 16(b)(1)(C) (requiring defense disclosure if "the defendant requests disclosure under (a)(1)(G) *and the government complies")* (emphasis added). Second, the structure of the trial further underscores the need to stagger discovery: the government presents its case first, so the defense must be prepared to cross-examine the government's experts well before the government needs to do the same to any defense experts. And the defense case is necessarily responsive to what the government presents; often it is therefore impossible to know what defense experts will address before learning what the government's case and experts will present -- especially without the benefit of civil discovery devices like contention interrogatories, and especially in complex cases like this one, in which the defense legal assistant estimates that there is 3TB of discovery and subpoenaed material. Third, while case law is only beginning to develop about the new expert procedures in Rule 16, as noted below, decisions about non-expert witness lists and exhibit lists support the notion that disclosures should be staggered, before the amendments to the rule, courts would require government disclosures without apparently requiring simultaneous disclosure by the defense. *See, e.g., United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008).

As to the government's claim that the staggered dates would impact its "ability to meaningfully prepare rebuttal evidence," the number of days between the disclosure of defense experts and the pretrial conference in the defense proposal is equal to the number of days originally proposed *by the government.* In any event, the solution to any government concern about having enough time is to move

the entire schedule a little earlier.

**B. Rule 404(b)/L.R. 16-1(c) Disclosures**

*Government's Proposed Date: April 2, 2027*

*Defendant's Proposed Dates: February 24, 2027 (disclosures); March 10, 2027 (objections); March 17, 2027 (replies); March 26, 2027 (hearing)*

Government's Statement. A disclosure date of April 2, 2027 is approximately 45 days before trial. This provides Defendant ample time to meet the evidence disclosed and/or seek exclusion of the evidence through a motion *in limine*. Rule 404(b)(3) requires only "reasonable notice"—45 days before trial is more than reasonable, and Local Rule 16-1(c) does not require an earlier disclosure. The government's proposed date would allow for the government to more precisely describe the evidence it intends to offer at trial. The defendant's proposed date—nearly *three months* prior to trial—would unreasonably hamstring the government's ability to prepare for trial. There is no basis to set a separate briefing schedule for Rule 404(b) evidence—to the extent the Defendant wishes to challenge any such evidence, the proper mechanism to object to that evidence is either at trial or through a motion *in limine*. Finally, the government's theory of the case will continue to develop as it prepares for trial. The types of evidence the government may seek to introduce under Rule 404(b) often crystalize through motion practice. The Defendant's proposal—which requires premature disclosure on the same date that pretrial motions are due, without waiting for a ruling on those motions—may force the government either to over-designate evidence or forego reliance on admissible evidence whose relevance may become apparent later.

Defense Statement: Defending against Rule 404(b) evidence in fraud cases often requires gathering and learning new facts, and locating and questioning new witnesses – all of which can be very time consuming. In addition, the briefing is generally more extensive than for individual motions in limine. Delaying disclosure will unfairly limit the defendant's ability to contest any Rule 404(b) evidence, and will push the briefing into a time when the parties will be fully engaged in other matters on this pretrial schedule. The schedule proposed by the defense is again closer to trial than in many other complex cases in this district, dates for 404(b) motions commonly set before Motions in Limine — especially in cases like this one that the government has already had at least three years prior to trial to

investigate. *See, e.g., Thao, supra* (134 days between Rule 404(b) disclosure and pretrial conference); *United States v. Andrade*, 3:20-cr-0249-RS, ECF 425 at page 5 of 24 (noting date of government 404(b) disclosure, which was approximately four months before the pretrial conference).

**C. Defendant's Production of Initial Witness and Exhibit Lists**

*Government's Proposed Date: April 2, 2027*

*Defendant's Proposed Date: The defense objects to the imposition of these requirements other than on the government, but if the court does not agree, proposes April 2, 2027 for the government and April 16, 2027 for the defendant*

Government's Statement: Defendant should be required to exchange initial witness and exhibit lists on the same schedule as the government. That approach is consistent with notions of fundamental fairness, as well as this Court's criminal standing order, which requires "*the parties*" to exchange exhibit lists concurrently and the local rules, which require "the *parties*" to address the "pretrial *exchange*" of witnesses intended to be called. *See* N.D. Cal. L. Crim. R. 16.1-1(b)(9). It is also consistent with the practices of other judges in this District. *See, e.g.*, Standing Order for Criminal Cases Before Judge Vince Chhabria at 7 (requiring pretrial exchange of witness and exhibit lists); Standing Order for Criminal Cases Before Judge Rita F. Lin at 4 (same).

Defense Statement: As for witness lists, this Court's standing order does not require them in advance of trial. In the Ninth Circuit, district courts do not have the authority to order pretrial disclosure of a list of defendant's witnesses or exhibits. *United States v. Hicks,* 103 F.3d 837, 841 (9th Cir. 1996) (holding that district courts cannot compel pretrial disclosure of witness or exhibit lists from the government or the defense), *overruled in part, United States v. W.R. Grace*, 526 F.3d 499, 509, 509 n.7, 513 (9th Cir. 2008) (en banc) (holding that district courts can compel pretrial disclosure of witness lists from the government and declining to address whether the defense can be compelled to disclose its witnesses pre-trial). Some judges in this district require the government to produce a witness list and an exhibit list, but impose those obligations on the defense only "to the extent consistent with defendant's right to an effective defense." (Judge Orrick's standing criminal pretrial order; see also Judge Thompson's standing criminal pretrial order).

In the event that this Court overrules this objection and elects to impose an obligation on the

defense to produce an exhibit list, or to produce both an exhibit list and a witness list, it should do so on a staggered basis, with the government providing its list(s) two weeks before the defense. This sequencing is consistent with the structure of Rule 16, *cf.* Rule 16(b)(1)(A), and takes into account the dynamics of a complex criminal trial with massive discovery in which the defense cannot know all of what it needs to present until it learns what items and witnesses from the mass of discovery the government will choose to use. There are few reported cases addressing this issue, but they generally seem to make any obligation sequential. *See, e.g., United States v Losch*, 2019 Westlaw 6524874 *4 (D. Ariz. 2019) (government exhibit list required 45 days before trial; defense list 30 days before trial); *United States v. Giffen,* 379 F.Supp, 2d 337, 344 (SDNY 2004) (requiring government exhibit list 30 days before trial and defense exhibit list at the start of trial, or no later than 30 days prior to the start of the defendant's case).

**IV. Other Matters**

The defendant anticipates filing, by separate motion, a request that the Court set a discovery cutoff date; a request that any exhibit list approximate as closely as possible the exhibits that will actually be offered at trial, and that the exhibits are exchanged be in substantially similar form to what will actually be offered, as opposed lists far longer than what will actually be used and documents much longer documents than what will actually be offered; and a request that the Court require each party to disclose the witnesses it intends to call at trial substantially sooner than what the government has proposed, and sooner than the default in this court's standing order. The parties anticipate being able to agree on a briefing schedule for these requests. The government also anticipates that the grand jury may

///

return a superseding indictment in the near future. The parties also anticipate asking the Court to set a further status conference on January 22, 2027 at 9:30 a.m.

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

DATED: November 5, 2026

/s/
NIKHIL BHAGAT
NOAH STERN
Assistant United States Attorneys

DATED: November 5, 2026

/s/
RANDY SUE POLLOCK
MICHAEL SHEPARD
Counsel for Defendant
Kenneth W. Mattson

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NIKHIL BHAGAT (CABN 279892)
NOAH STERN (CABN 297476)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6982
nikhil.bhagat@usdoj.gov
noah.stern@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. MATTSON,<br><br>Defendant. | NO. 4:25-CR-00126 JST<br><br>[PROPOSED] ORDER REGARDING CERTAIN PRETRIAL DEADLINES<br><br>Status Conference Date: November 6, 2026<br>Status Conference Time: 9:30 a.m.<br>Court: Hon. Jon. S. Tigar |

Pursuant to the partial stipulation of the parties, and after considering the parties' respective position with respect to disputed issues, the Court enters the following scheduling order:

| **Event** | **Date** |
|---|---|
| Pretrial Motions Due (other than *Daubert* and Motions in Limine) | February 24, 2027 |
| Oppositions to Pretrial Motions Due | March 10, 2027 |
| Replies to Oppositions to Pretrial Motions Due | March 17, 2027 |
| Hearing on Pretrial Motions | March 26, 2027 |

| Event | Date |
|---|---|
| Government's Production of Initial Witness and Exhibit Lists | April 2, 2027 |
| Defendant's Production of Initial Witness and Exhibit Lists | |
| Rule 404(b)/L.R. 16-1(c) Disclosures | |
| Government's Expert Disclosures | |
| Defendant's Expert Disclosures | |
| *Daubert* and Motions *in Limine* Due | April 13, 2027 |
| Supplemental Jury Questionnaire Questions Due | April 16, 2027 |
| Oppositions to *Daubert* and Motions *in Limine* Due | April 20, 2027 |
| Proposed Jury Instructions Due | April 23, 2027 |
| Government to Provide Proposed Verdict Form | April 23, 2027 |
| Pretrial Conference | April 30, 2027 |
| Trial | May 17, 2027 |

IT IS SO ORDERED.

DATED: ______________________

______________________________
HON. JON S. TIGAR
United States District Judge